[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action by a snowplowing contractor against the owner of a shopping center in East Hartford.
The plaintiff actually provided the work through an assignment it had from Raimondo Mainienance which held the contract with the defendant.[1]
Both parties agree that the contract in question (Exhibit 2) governs their rights in this action.
The principal difference in the claims of the parties is over payment for work the plaintiff claims is due outside of the basic terms of the contract. This work was for use of a bobcat as a snow loader and for trucking snow to the rear of the shopping center.
The defendant claims no such extra work is to be compensated for unless the trucking was for snow removal off-site.
The defendant's other claim is that all disputes except for two invoices (#1600 and 1602) were adjusted between the defendant and Raimondo Maintenance, which it is conceded, was the plaintiff's agent in this contract.
The plaintiff claims that the unpaid portion of the invoices due to it amounts to $20,636.30. The defendant acknowledges that it owes an unadjusted sum of $7,247.50 under invoices #1600 and #1602.
The court finds the issues for the defendant for the following reasons: CT Page 15386
(1) Paragraph 1(a) and (b) of the contract governs the issue of snow hauling. It clearly provides that snow is to be removed to areas specified on the Site Plan as part of the duties of the plowing contractor. Hauling, as the testimony of Linda Brewer attests, was deemed to mean offsite trucking. Previous dealings with Raimondo demonstrated that the contractor was previously never paid for on-site trucking.
(2) Raimondo, in testifying for the plaintiff claimed that the disputed portion of the invoices were never adjusted and agreed upon by him. Linda Brewer testified for the defendant to the contrary. On behalf of the defendant, she paid an agreed adjusted amount and sent payment to Raimondo with a covering letter detailing the adjustment. Raimondo cashed all the checks with no protest or comment.
This court finds the testimony of Joseph Raimondo on this issue not to be credible and finds the testimony of Linda Brewer credible that there was indeed an agreement binding on the parties as to the amount due.
In summary, the court finds that the contract between the parties did not provide for payment to the plaintiff of the extra sums claimed and further finds that any disputes over this issue were resolved and agreed upon between the defendant and the plaintiff's agent, Raimondo Maintenance.
There is therefore due to the plaintiff the sum of $7,247.50.
Inasmuch as the defendant offered no acceptable evidence as to why this amount was never paid to the plaintiff, the court is of the opinion that interest pursuant to General Statutes § 37-3a is appropriate and therefore awards interest at 10% per annum from March 24, 1999 to November 14, 2001 (965 days at $1.986 per day) in the amount of $1,916.50. A total of $9,164.00 is therefore due to the plaintiff
Judgment may enter accordingly.
Freed, J.